GRAY *et al. v.* SULLIVAN *et al.*

(Division A. March 7, 1932.)

[139 So. 855. No. 29507.]

**Canizaro & Canizaro** and **G. L. Larr, Jr.**, all of Vicksburg, for appellants.

Brunini & Hirsch, of Vicksburg, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

The appellants exhibited an original bill in the court below against the appellees, praying that a trustee's deed to certain land to the appellee Sullivan be canceled and held for naught on the payment by the appellants, to Sullivan, of the money paid by her to the trustee for the land. The case was tried on bill, answer, and proof, and the bill was dismissed.

There was an agreed statement of facts from which it appears that the appellants, Simpson and Hattie Gray,

who are husband and wife, were the owners of the land here in controversy, and executed a deed of trust thereon to secure an indebtedness due by them to the beneficiary therein. Default was made in the payment of the debt, and the trustee advertised the land for sale under the deed of trust, "at or about twelve o'clock, noon, on Wednesday, the 30th day of April, 1930." The trustee offered the land for sale at the appointed time and place, and the appellant Simpson Gray bid therefor the sum of six hundred twenty dollars, twenty dollars more than the next highest bid, and was declared the purchaser thereof. He was unable then to pay the amount of his bid, but did pay fifty dollars thereon, whereupon the trustee announced "that he would resell the property at three o'clock P. M. the same day if the purchaser did not make good the bid, which announcement was made before any person then present had left the place of bidding." Simpson Gray was unable to pay the balance due on his bid, and the trustee, at three o'clock P. M. of the same day, again offered the land for sale at the appointed place, and the appellee Sullivan became the purchaser thereof for the sum of four hundred forty dollars.

Several of the prospective bidders who were present at the first sale failed to appear at the second, including the one who had bid six hundred dollars for the land at the first sale. After paying the debt secured by the deed of trust and the foreclosure expenses, there remained in the hands of the trustee from the money paid to him for the land by the appellee Sullivan, the sum of eight dollars, which he paid to the appellant Simpson Gray. The appellant Hattie Gray is not shown to have been in any way a party to the conduct of Simpson Gray at the trustee's sale, nor to the receipt by him of the eight dollars from the trustee.

The record does not disclose whether the deed of trust specified "the place and terms of sale and mode of ad-

vertising." Counsel seem to assume that the deed of trust does not so provide, and that, consequently, under section 2169, Code 1930, the trustee was required to make the sale "upon such notice, and at such time and place as is required for sheriff's sale of like property."

The argument of counsel for the appellees is, in substance, that the sale to the appellee Sullivan is valid for the reason that it was made within the hours authorized for sales by section 3040, Code 1930, which provides that "sales under execution shall not commence sooner than eleven o'clock in the forenoon, nor continue later than four o'clock in the afternoon." Leaving out of view the fact that the sale was advertised for "at or about twelve o'clock Noon," and assuming that under the advertisement the trustee had the power to commence the sale at any time before four o'clock in the afternoon, the decree of the court below must nevertheless be reversed under the rule announced in McPherson v. Davis, 95 Miss. 215, 48 So. 625. In that case, a trustee offered the property secured by the deed of trust for sale pursuant to an advertisement therefor, and declared McPherson, the highest bidder, to be the purchaser. McPherson failed to make good his bid, and later, on the same day, but after all bidders who appeared at the first sale had dispersed, the trustee again offered the property for sale, and it was purchased by one Lowenberg. The court held that when the purchaser at a trustee's sale fails to make good his bid, the property cannot be offered for resale without a new advertisement therefor, unless the resale is made immediately and before the bidders at the first sale have dispersed. This seems to be in accord with the current of authority. 41 C. J. 986; 23 C. J. 653; 19 R. C. L. 438. That the resale was made within the hours specified for the sale in the advertisement therefor is of no consequence. Judge v. Booge, 47 Mo. 544; Barnard v. Duncan, 38 Mo. 170, 90 Am. Dec. 416.

But it is said that this rule does not apply here, for the reason that the trustee announced that he would resell the property at a later hour. Assuming, but merely for the purpose of the argument, that a resale made at a later hour, pursuant to an unconditional notice that the resale would be made, would be valid, no such notice was here given; for what the trustee announced, was that he would resell the property provided the purchaser at the first sale failed to make good his bid before the time fixed by him therefor.

Again, it is said that the postponement of the resale was for the benefit of, and was acquiesced in by, the appellant Simpson Gray, and therefore neither he nor Mrs. Gray, his wife and cotenant, can complain thereat. Assuming that Simpson Gray would be estopped from complaining, the estoppel cannot be extended to Mrs. Gray. Simpson Gray is not shown to have been authorized to act for her in the matter, and she is not shown to have been, in any way, a party to his conduct. The sale being voidable, Mrs. Gray has the right to have it set aside and to redeem the land from the lien of the deed of trust, which right extends, not to the redemption of an undivided interest in the land, but to the whole of it.

The prayer of the bill should have been granted.

Reversed and remanded.